SCANNED at PENDLETON and Emailed on
2/6/23 by _____ 8 pages.
(date) (initials) (num)

FILED
02/06/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JACOB HASTINGS,<br>　　　　Plaintiff,<br>v.<br>Dr. JOHN MERSHON,<br>DR. JOHN HEFLIN<br>ANDRE K. FULTON<br>　　　　Defendants, | Cause No:  1:23-cv-00230-TWP-KMB |

## PRISONER COMPLAINT 42 U.S.C. 1983
## AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is a 1983 action filed by Plaintiff Jacob Hastings a state prisoner, pro se, alleging violations of his constitutional rights to receive adequate medical care and treatment, and is seeking injunctive and monetary damages.

### II. JURISDICTION

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. 1983 in that this is a civil action arising under Constitution of the United States of America.

### III. PARTIES
*a. Plaintiff*

3. Plaintiff Jacob Hastings at all times relevant was confined by the Indiana Department of Corrections at the Pendleton Correctional Facility, 4490 west. Reformatory road, Pendleton, Indiana, 46064.

~ 1 ~

*b. Defendants.*

4. At all times relevant to this complaint, Dr. John Mershon, was employed by Centurion Medical Services, and was responsible for the medical care plaintiff was to receive at the Pendleton Correctional Facility, 4490 W. Reformatory Road, Pendleton, IN 46064.

5. At all times relevant to this complaint, defendant Dr. Heflin was employed by Ascension ST. Vincent Anderson and was responsible for specializing the medical care of plaintiff was to receive at the Correctional Industrial Facility, 4490 W. Reformatory Road, Pendleton, IN 46064.

6. At all times relevant to this complaint, defendant Andre K. Fulton, MA was employed by Wexford of Indiana, LLC and was responsible for the medical care plaintiff was to receive at the Correctional Industrial Facility, 4490 W. Reformatory Road, Pendleton, IN 46064.

## IV. EXHAUSTION OF AVAILABLE REMEDIES

7. Plaintiff has exhausted his administrative remedies before filling this complaint, and/or

8. Exhausted such remedies as to fulfill his burden per ***Ross v. Blake***, 136 S.Ct. 1850, 1860; 195 N.E.2d 117 (2016) U.S.S. Lexis 3614.

9. Plaintiff's facility grievances and related documents have been attached to this claim to show that the plaintiff has exhausted his administrative remedies and/or those administrative remedies are unavailable.

## V. FACTUAL ALLEGATIONS

10. On or about February, 2022, Plaintiff discovered a lump on the lower abdomen after feeling sharp pain in that area from which led him to file medical form to see the nurse and doctor to explain the symptoms of such pain.

11. During this period of time, the Plaintiff experience a reduction of appetite why trying to eat, not able to hold food down for long periods of time causing bowel movements with pain.

12. On or about March, 2022, an ultra sound was conducted by the medical provider which showed a possible hematoma.

13. On or about May, 2020, a follow up ultra sound was conducted showing a possible cyst or nerve sheath tumor in the area.

14. On or about June 14th, 2022 Dr. John Heflin Specialist reviewed both Ultra sound test and stated it showed decrease in size qand pt reported discomfort subsiding and confirmed no additional testing needed for benign mass.

15. Plaintiff was seen on or about September 20th, 2022 by Dr. John Mershon and stated pt with abdominal wall pain from a small mass that has been stable on serial ultrasound exams. The abdominal exam is benign.

16. On the 9th day of November, 2022, Plaintiff was taken to an outside medical provider, Ascension STV Anderson, for CT-scan.

17. At that time the CT was conducted without the intravenous contrast against the outside medical providers recommendations due to the limitations the CT would and or could provide.

18. As such, no masses were identified and no findings were made by the outside provider to account for the Plaintiff's pain.

19. However, the Plaintiff still experiences abdominal pain daily for hours at a time from which results in the Plaintiff resubmitting health care form informing the doctors that he is still in pain and would like to have a MRI done.

20. On the 20th day of December, 2022, the Plaintiff received a response from the Facility Medical Provider stating that the CT was negative and that they would keep watch.

21. Plaintiff believes that the need to cut overhead cost and spending for Centurion Medical Services are the cause of the denial of proper medical care resulting in the deliberate indifference of the providing medical Defendants to that of the Plaintiff's medical needs.

## VI. CAUSE OF ACTION

*Defendants Violated Plaintiff's Eighth Amendment right to the United States Constitution Article VII*

22. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted."

23. Defendant Dr. John Mershon, acted in both his individual and official capacity under color of state law to deny plaintiff of his constitutionally protected rights by not providing adequate medical care and treatment that caused plaintiff the unnecessary and wanton infliction of pain and suffering Dr. John Mershon was deliberately indifferent to plaintiff's serious medical needs when he failed to adequately address and treat plaintiff's possible cyst or nerve sheath tumor issue.

24. Defendant Dr. Heflin, acted in both his individual and official capacity under color of state law to deny plaintiff of his constitutionally protected rights by not providing adequate medical care and treatment that caused plaintiff the unnecessary and wanton infliction of pain and suffering Dr. Heflin was deliberately indifferent to plaintiff's serious medical needs when he failed to adequately address and treat plaintiff's possible cyst or nerve sheath tumor issue.

25. Defendant Andre K. Fulton, acted in both his individual and official capacity under color of state law to deny plaintiff of his constitutionally protected rights by not providing

adequate medical care and treatment that caused plaintiff the unnecessary and wanton infliction of pain and suffering Andre K. Fulton was deliberately indifferent to plaintiff's serious medical needs when he failed to adequately address and treat plaintiff's possible cyst or nerve sheath tumor issue..

26. The "Deliberate Indifference" to adequately treat plaintiff' serious medical needs caused the unnecessary and wanton infliction of pain and suffering proscribed by the Eighth Amendment. See Estelle v. Gamble, 429 U.S.97, 104-05 (1976) We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain and suffering proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

27. The Eighth Amendment protects prisoners from cruel and unusual punishment. Prisoners who are denied adequate medical care in state or local institutions may use 42 U.S.C. 1983 to sue prison medical providers, including private contractors. See West v. Atkins, 487 U.S.42, 108 S.Ct. 2250 (1998).

28. Since prisoners cannot obtain their own medical services, the Constitution requires prison authorities to provide them with "reasonably adequate" care. See Bell v. Wolfish, 441 U.S.520, 99 S.Ct. 1861 (1976); see Langly v. Coughlin, 888 F.2d 252, 254 (2nd Cir. (1989) (officials must provide necessary medical care… which would be available to [prisoners] if not incarcerated").

29. Courts have defined "adequate" medical services as "services at a level reasonable commensurate with modern medical science and of a quality acceptable within prudent professional standards, and as "a level of health services reasonable designed to meet routine and emergency medical, dental, and psychological or psychiatric care. Tillary v. Owens, 719 F. Supp at 1301.

30. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a law person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997)

31. Wexford of Indiana, LLC, Dr. John Mershon, Dr. John Heflin, and Andrea K. Fulton were made aware of plaintiff's serious medical needs on numerous occasions and failed to treat those serious medical needs, causing plaintiff to suffer chronic, and substantial pain.

## RELIEF REQUESTED

Wherefore, plaintiff requests that his honorable court grant the following relief:

A. To issue an order requiring the defendants to send plaintiff to see a specialist for more in-depth and proper medical determination and honor the specialist recommendations, including any hospital procedures, surgeries, medications, and follow ups that are needed.

B. Provide plaintiff proper health care in the future to avoid undue harm, pain and suffering;

C. Declare that the acts and omissions described herein violated plaintiff's rights under the constitution and laws of the United States;

D. Order the defendants to pay compensatory and punitive damages for the pain and suffering plaintiff experienced as a result of the defendant's deliberate indifference to plaintiff's serious medical needs;

E. Grant all other just and equitable relief that this honorable court deems just and proper.

Respectfully,

Jacob Hastings
Defendant / *Pro se*
IDOC #268980
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana. 46064-9001

## CERTIFICATE OF SERVICE

I, hereby certify that on 6th day of February 2023, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which sent notification of such filing to the following:

Office of Indiana Attorney General
Indiana Government Center South, 5th Floor
302 W. Washington Str.
Indianapolis Ind. 46204-2770

Bob Bugher, Chief Counsel
Department of Correction / Central Office Agency
302 W. Washington Street, W 341
Indianapolis Indiana 46204

Respectfully,

Jacob Hastings
Defendant / *Pro se*
IDOC #268980
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana. 46064-9001